**Ronald RICH, Petitioner,**

**v.**

**David L. WINN, Warden, Respondent.**

**No. CIV.A.03–40196–NMG.**

United States District Court,
D. Massachusetts.

Oct. 26, 2004.

Anton P. Giedt, United States Attorney's Office, Boston, MA, for David Winn, Respondent.

## MEMORANDUM & ORDER

GORTON, District Judge.

Petitioner Ronald Rich ("Rich"), acting pro se, brings a petition for habeas corpus pursuant to 28 U.S.C. § 2241. He challenges the authority of the United State Parole Commission ("the Commission") to re-parole him to a term of special parole after having revoked his special parole for violations of the conditions of supervision. Petitioner further challenges the standard of proof used by the Commission at his revocation hearing and alleges vindictiveness on the part of United States Probation Officer, David C. Sem ("Sem"), who was assigned to monitor his parole.

### I. *Background*

In December, 1985, petitioner, after pleading guilty to conspiracy and possession with intent to distribute cocaine, was sentenced in the United States District Court for the District of Vermont to two concurrent ten-year sentences followed by an eight-year term of special parole. Although Rich's probation has been revoked several times, only the most recent revocation is at issue in this case.

In 1996, while on special parole, Rich received from the Commission a notice stating that his sentence was to be converted from special parole to regular parole in accordance with *Fowler v. United States Parole Commission,* 94 F.3d 835 (3d Cir.1996). Special parole differs from

regular parole in that an individual on special parole does not receive credit for time spent on parole (known as "street time") when and if parole is revoked, while an individual on regular parole retains credit for street time unless he commits a crime punishable by imprisonment while on parole or absconds from supervision. *Id.* at 839–40.

In February, 2001, the Commission determined that *Johnson v. United States,* 529 U.S. 694, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000), invalidated *Fowler* and issued Rich another notice which vacated the earlier notice of conversion. Thus, petitioner's term reverted to special parole, and, on July 24, 2001, he resumed his special parole term which was to continue until August 27, 2007.

On August 6, 2002, while operating a motor vehicle, petitioner was stopped for speeding. The arresting officer suspected that petitioner was intoxicated but he refused to take a field dexterity test or a breath test and, as a consequence, was arrested.

Petitioner claims that he left a telephone message for Sem on August 8, 2002, reporting his arrest. Sem responds that he received no such message and that Rich failed to report his arrest within two days in violation of the conditions of his parole. Sem stated that he did not learn about petitioner's arrest until August 15, 2002.

A revocation hearing regarding petitioner was conducted on February 7, 2003, and, after hearing the evidence, the examiner found by a preponderance of the evidence that petitioner had violated the conditions of his special parole by driving while intoxicated, failing to report his arrest and not abstaining from the use of alcohol. Those conclusions were based upon the testimony of Sem and others. A panel recommended that petitioner's parole be revoked and that, if eligible, he be re-paroled in 16 months. The Commission adopted that recommendation in May, 2003.

Petitioner was incarcerated at the Federal Medical Center in Devens, Massachusetts until March 2, 2004, at which time he resumed his special parole term. He is currently serving that term and is required to remain within the limits of the District of Vermont and under supervision until December 5, 2008.

## II. *Analysis*

### A. *Authority to Resentence to Special Parole*

Petitioner first argues that the Commission lacks authority to resentence him to a term of special parole. Rich was sentenced under former 21 U.S.C. § 841(c), which was repealed by the Sentencing Reform Act of 1984. Pursuant to that statute:

> A special parole term imposed under this section...may be revoked if its terms and conditions are violated. In such circumstances the original term of imprisonment shall be increased by the period of the special parole term and the resulting new term of imprisonment shall not be diminished by the time which was spent on special parole.

Petitioner urges this Court to follow the *Strong* line of cases, in which a number of circuits have held that the Commission does not have the authority to reimpose special parole after revocation pursuant to 21 U.S.C. § 841(c). *See Strong v. U.S. Parole Comm'n,* 141 F.3d 429 (2d Cir.1998). Pursuant to that line of cases, "revoke" meant "to cancel or rescind", so once a special parole term was revoked pursuant to the statute, it could not be reimposed. *Id.* at 432. However, the *Strong* line of cases has not been adopted by the First Circuit Court of Ap-

peals, which concluded that courts do have power to reimpose supervised release. *See United States v. O'Neil,* 11 F.3d 292 (1st Cir.1993).

In *Johnson v. United States,* 529 U.S. 694, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000), the United States Supreme Court addressed 18 U.S.C. § 3583(e), a similar statute, except that it deals with revocation of parole by district courts rather than revocation by the Commission. It is the latter, however, that is implicated by the statute which was at issue in *Strong* and which governs the instant case. The Court in *Johnson* held that the statute, which provided that a district court may "revoke a term of supervised release," contemplated that a revoked sentence could be followed by another term of supervised release. *Id.* at 704, 120 S.Ct. 1795. Admitting that this adopted an unconventional meaning of the term "revoke," the Court held that "a 'revoked' term of supervised release survives to be served in prison following the court's reconsideration of it." *Id.* at 707, 120 S.Ct. 1795.

The government argues that *Johnson* overrules the *Strong* line of cases, that a "revoked" sentence may later be reimposed, and that petitioner's reimposed term of parole is valid pursuant to the governing statute. Petitioner responds that *Johnson* does not abrogate or undermine the Second Circuit's decision in *Strong* and that the reimposition of his term of special parole is invalid.

This Court agrees with the government as does the Second Circuit, which confirmed that *Strong* was abrogated by *Johnson* and that the Commission may reimpose special parole following revocation and incarceration pursuant to 21 U.S.C. § 841(c). *See Rich v. Maranville,* 369 F.3d 83 (2d Cir.2004). Petitioner is undoubtedly aware of that holding because he made the same argument to the District Court for the District of Vermont in a habeas petition filed November 27, 2002. It was the decision of the Second Circuit affirming that lower court's denial of the petition that held that *Johnson* abrogates *Strong.*[1] Petitioner's first claim therefore fails.

*B. Standard of Proof Relevant to a Revocation Hearing*

■ In making a parole or re-parole determination, the Commission must use the preponderance of the evidence standard. 28 C.F.R. § 2.19(c). Petitioner's second claim is that the Commission erroneously applied the probable cause standard instead of the preponderance of the evidence standard at his revocation hearing. Petitioner sets forth for this Court the evidence he presented to the hearing examiner and argues that because his evidence was so overwhelming, the hearing examiner must have erroneously used the probable cause standard.

■ In the Revocation Hearing Summary, the hearing examiner explicitly noted that he used the preponderance of the

---

1. Rich petitioned the District of Vermont for habeas corpus on November 27, 2002, when he was on parole in Vermont. His probation was revoked on February 7, 2003, and he was incarcerated in Massachusetts. The Vermont court ruled on his petition on July 7, 2003, and Rich filed his habeas corpus petition in this Court on September 3, 2003, while he was still incarcerated in Massachusetts. He was released on special parole in Vermont on March 2, 2004. Jurisdiction over habeas corpus petitions lies in the district where the petitioner was incarcerated at the time the petition was filed as long as the custodian remains in the district. *Ex parte Mitsuye Endo,* 323 U.S. 283, 306, 65 S.Ct. 208, 89 L.Ed. 243 (1944). Thus, this Court has jurisdiction over the matter even though Rich is now on parole in Vermont. The parties do not contest this Court's jurisdiction.

evidence standard. Government officials, including members of the Commission, are presumed to act in good faith. *Bridge v. U.S. Parole Commission,* 981 F.2d 97, 106 (3d Cir.1992). Petitioner has not overcome that presumption and has shown no hint of bad faith on the part of the examiner. The record shows substantial evidence from which a hearing examiner could find that Rich violated the terms of his parole. Thus, petitioner's second claim fails.

### C. Vindictiveness

■ Finally, petitioner argues that Sem's historical pattern of vindictiveness violates due process. He asserts that his parole has been revoked on four separate occasions due to the direct or indirect involvement of Sem. Petitioner further claims that Sem once took three urine samples from him in one day, took them home, tampered with them, and that they later tested positive for morphine. Rich refers to a civil case he filed against Sem but does not disclose the outcome of the case or provide this Court with any further information about the case.

Sem was petitioner's supervising probation officer and it can be expected that as such he would be involved in any revocation proceedings involving the petitioner. Rich has presented no evidence to substantiate his claim that Sem acted vindictively. His bald allegations do not overcome the presumption of good faith to which government officials are entitled nor do they establish vindictiveness. Therefore, petitioner's third claim is without merit.

### ORDER

Based upon the foregoing memorandum:

1) Respondent's Motion to Deny and Dismiss Petitioner's Petition for Writ of Habeas Corpus (Docket No. 4) is ALLOWED; and

2) Rich's Petition for Writ of Habeas Corpus Pursuant to § 2241 (Docket No. 1) is DISMISSED.

**So ordered.**